UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS, | No.  2:23-cv-1243 KJN P |
| Plaintiff, | |
| v. | ORDER |
| A. YAMAGIWA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1 | each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
2 | U.S.C. § 1915(b)(2).

3 |     The court is required to screen complaints brought by prisoners seeking relief against a
4 | governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 | court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
6 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 | monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

8 |     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 | Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 | Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
11 | indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12 | 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13 | pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 | Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15 | 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16 | meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17 | 1227.

18 |     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 | statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 | defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
21 | Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 | In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23 | formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24 | sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts
25 | are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
26 | . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)
27 | (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
28 | In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

On September 19, 2021, plaintiff was housed in the California Health Care Facility under the Psychiatric Inpatient Program ("PIP") inpatient program. While he was handcuffed behind his back and laying prone on the dayroom floor, allegedly compliant and not resisting, defendant Yamagiwa maliciously and intentionally used his combat boot to kick plaintiff in the face and shoulder area, in violation of the Eighth Amendment. Defendant T. Sadler witnessed the assault and battery but failed to intervene and stop defendant Yamagiwa, failing to protect plaintiff from harm in violation of the Eighth Amendment. Both defendants are correctional officers.

Plaintiff claims that defendant Sgt. C. McElroy prevented medical from physically examining plaintiff, forcing the nurse to conduct a visual inspection, precluding plaintiff from receiving medical assistance for his injuries. (ECF No. 1 at 8, 10.)

Plaintiff claims that defendants M. Palagara, Certified Nurse Assistant, J. Carroll, Psychiatric Technician, and Kunthea Ouk, Psychiatric Technician witnessed the assault and battery on plaintiff by defendant Yamagiwa and had a duty to immediately intervene to stop the abuse of force. (ECF No. 10 at 14.)

Plaintiff sustained several injuries, including physical bruising, headaches and body aches for multiple days, panic attacks, mental pain and suffering, stress, fear, humiliation, pain, shock, and embarrassment. He also claims he also sustained a rules violation report ("RVR") "with a false narrative" to punish plaintiff and protect defendants from use of excessive force by an officer. (ECF No. 1 at 9.) Plaintiff seeks, inter alia, money damages

Potentially Cognizable Claims

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims against defendants A. Yamagiwa and T. Sadler for violation of plaintiff's Eighth Amendment rights. See 28 U.S.C. § 1915A.

////

Noncognizable Claims

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants. The claims against those defendants are dismissed with leave to amend.

Eighth Amendment Standards

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

A prison official has a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that the official was deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. A prison official acts with deliberate indifference only when two requirements are met: (1) the

objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Id.  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, the officer may be held liable only if she acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### Defendant C. McElroy

Plaintiff's claim against defendant C. McElroy fails to state an Eighth Amendment claim. Plaintiff does not explain how C. McElroy prevented the nurse from treating plaintiff, or what facts support his conclusory claim that defendant McElroy did so to protect other defendants. Plaintiff does not set forth what treatment he should have received or provide sufficient facts showing he was suffering from a serious medical need.  Plaintiff is granted leave to include additional facts as to defendant McElroy's involvement after the use of force incident on September 19, 2021.

Plaintiff's Eighth Amendment claims as to defendants M. Palagara, Certified Nurse Assistant, J. Carroll, Psychiatric Technician, and Kunthea Ouk, Psychiatric Technician, are too vague and conclusory to state an Eighth Amendment violation.  Although plaintiff claims such defendants had a duty to intervene, he also alleges that Correctional Officer Sadler was present during the alleged assault and battery, and it was defendant Sadler who had a duty to intervene. Absent facts not alleged here, it is likely that defendants M. Palagara, J. Carroll, and Kunthea Ouk, all medical staff, deferred to Correctional Officer Sadler who plaintiff claims had control of plaintiff.  (ECF No. 1 at 7.)  Plaintiff also fails to provide facts demonstrating any of these three defendants acted with a culpable state of mind.  Plaintiff is granted leave to amend if he can in good faith allege facts supporting an Eighth Amendment claim against each of them.

### No Charging Allegation

Plaintiff cites the RVR as an injury and seeks to have the RVR dismissed.  But plaintiff includes no claim as to the RVR and includes no charging allegations as to any named defendant in connection with such RVR.  It is unclear whether any named defendant was involved in the RVR hearing.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Yamagiwa and Sadler and pursue his claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants C. McElroy, M. Palagara, J. Carroll, and Kunthea Ouk, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants A. Yamagiwa and T. Sadler, against whom he stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against the remaining defendants without prejudice.

Plaintiff is advised that any amended complaint must clearly identify each defendant and the action that defendant took that violated constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

Finally, plaintiff is not granted leave to add new claims or new defendants to this action. Rather, plaintiff is granted leave to amend solely as his Eighth Amendment deliberate indifference claims against defendants C. McElroy, M. Palagara, J. Carroll, and Kunthea Ouk.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. Plaintiff's Eighth Amendment claims against defendants C. McElroy, M. Palagara, J. Carroll, and Kunthea Ouk are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend the complaint to attempt to state cognizable Eighth Amendment deliberate indifference claims against such defendants. Plaintiff is not required to amend the complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants A. Yamagiwa and T. Sadler. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective Eighth Amendment deliberate indifference claims without prejudice.

5. Failure to comply with this order will result in a recommendation that the Fourteenth Amendment claims be dismissed without prejudice, and this action will proceed solely on plaintiff's Eighth Amendment claims against defendants A. Yamagiwa and T. Sadler.

Dated:  February 7, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/watt1243.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>A. YAMAGIWA, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-1243 KJN P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

_____　　　Plaintiff opts to proceed with his Eighth Amendment claims against defendants A. Yamagiwa and T. Sadler.

_____　　　Plaintiff consents to dismissal of Eighth Amendment claims against defendants C. McElroy, M. Palagara, J. Carroll, and Kunthea Ouk without prejudice.

　　　**OR**

\_\_\_\_\_　　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff