UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS, | No. 2:23-cv-1243 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. YAMAGIWA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On April 29, 2024, the Court recommended that this action be dismissed based on plaintiff's failure to comply with a court order, and failure to keep the Court apprised of plaintiff's current address. However, the Court did not address the factors required before recommending dismissal for failure to prosecute or to comply with a Court order. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Therefore, the April 29, 2024 findings and recommendations are vacated. (ECF No. 10.) As discussed below, plaintiff is granted fourteen days to file a change of address and is cautioned that failure to do so will result in the dismissal of this action.

Standards

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

1

within the inherent power of the Court." Id.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

Further, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Discussion

On February 8, 2024, the Court screened plaintiff's complaint and granted plaintiff thirty days in which to notify the Court how he wishes to proceed.  Thirty days passed, and plaintiff did not file the Notice of Election form or otherwise respond to the Court's order.  Plaintiff's copy of the February 8, 2024 order was returned as undeliverable.  On April 2, 2024, the Chief Judge ordered that this action be reassigned to the undersigned.  (ECF No. 9.)  Plaintiff's copy of the order was served on plaintiff's address of record but on April 12, 2024, plaintiff's copy of the order was also returned by the postal service marked "undeliverable, paroled."

Despite such returns, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  Therefore, plaintiff is granted fourteen days to notify the court of his current address.  Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 29, 2024 findings and recommendations (ECF No. 10) are vacated; and

2. Plaintiff is granted fourteen days from the date of this order to notify the court of his current address.

Dated: June 3, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/watt1243.o

3